IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP EUGENE PARMLEY                                                        PETITIONER

v.                                    Case No. 6:07-cv-6082

LARRY NORRIS, Director,                                                       RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, PHILLIP EUGENE PARMLEY, an inmate confined in the Grimes Unit of the Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.   Procedural Background**[1]:

Petitioner was convicted by a jury of possession of methamphetamine in the Circuit Court of Garland County, Arkansas. On September 25, 2002, he was sentenced to thirty (30) years imprisonment.[2] His conviction was affirmed by the Arkansas Court of Appeals on January 14, 2004. *See Parmley v. State*, CACR 03-71, 2004 WL 61045, at *1 (Ark. App. 2004). Petitioner did not seek review by the United States Supreme Court.

Petitioner filed a *pro se* Motion for Permission to File a Belated Petition for Rehearing and

---

[1]The procedural background is taken from the pleadings and exhibits provided by the parties.

[2]Petitioner is also serving a forty (40) year sentence for possession of drug paraphenalia with intent to manufacture methamphetamine. Petitioner also filed a Petition for Writ of *Habeas Corpus* Relief pursuant to 28 U.S.C. § 2254 in that case. United States District Judge Jimm Larry Hendren denied his challenge to this conviction in *Parmley v. Norris*, Case No. 06-6059 (W.D. Ark. May 9, 2007).

a *pro se* Motion Requesting Belated Certification to the Arkansas Supreme Court. These motions were denied, respectively, on May 19, 2004, and May 20, 2004.

On July 9, 2004, he filed a petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 in the Circuit Court of Garland County, Arkansas. This Rule 37.1 petition raised four grounds of ineffective assistance of trial counsel: (1) counsel failed to seek a suppression hearing; (2) the State failed to prove an incriminating statement by appellant was voluntary; (3) counsel failed to prevent admission of uncharged offenses; and (4) counsel did not object to unqualified expert opinion from a crime lab technician. The trial court held that none of the grounds so alleged provided for relief under a Rule 37.1 petition. Petitioner then appealed the denial of the Rule 37.1 Petition to the Arkansas Supreme Court. The Arkansas Supreme Court affirmed the denial of the Rule 37.1 Petition on October 5, 2006. *See Parmley v. State*, CR 05-141, 2006 WL 3239992, at *1 (Ark. 2006). The Arkansas Supreme Court held Petitioner waived the first issue, failure of the trial court to hold a suppression hearing, by not obtaining a ruling from the trial court on that issue. The Arkansas Supreme Court found no prejudice to the Petitioner regarding the second and fourth grounds asserted. As to the third ground asserted, the Arkansas Supreme Court held that counsel's performance in attempting to prevent introduction of evidence of other criminal conduct of the petitioner at trial was not deficient.

**B. Current Petition**:

On September 29, 2007[3], Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He claims his trial counsel at trial was ineffective in the following

---

[3]The Petition was signed on September 29, 2007, and the Court assumes without deciding that the same was placed in the prison mail system on that date.

manner: (1) by failing to file a motion to suppress the methamphetamine at issue because of an alleged unreasonable stop and search of his vehicle; (2) by failing to file a motion to suppress his post arrest statement identifying the substance in his possession as methamphetamine rather than heroine; (3) by failing to properly challenge the expert testimony of the chemist from the state crime lab, who testified that the methamphetamine in Petitioner's possession was a "usable" amount; and (4) by failing to file a motion in *limine* to exclude evidence of a prior theft charge which resulted in a dismissal of the charges.

Respondent asserts the four claims of ineffective assistance of counsel are procedurally defaulted and should be denied on that basis. Respondent also asserts the four claims lack substantive merit. The Respondent does not assert this Petition is untimely filed.

Following the Court's review of the Petition, Response to Petition, and Reply to Response, the Court ordered the parties to file briefs addressing the issue of the timeliness of the Petition pursuant to 28 U.S.C. § 2244. The Petitioner responded and asserted the Petition was timely filed. The Respondent has responded and now asserts the Petition is untimely and should be dismissed. Because the Court find the Petition to be untimely, as discussed below, the substantive issues raised by the Petition are not addressed herein.

**C. Discussion**:

    **1. One-year Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the

limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A). The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

Under § 2244(d)(1)(A)(ii), the time allotted for filing the petition for writ *certiorari* to the United States Supreme Court is generally 90 days. *See* SUP.CT. R. 13.1. However, the Supreme Court can only review the judgment of a "state court of last resort," or of a lower state court if the "state court of last resort" has denied discretionary review. *See id., see also* 28 U.S.C. 1257(a) ("the highest court of a State in which a decision could be had"). Because the United States Supreme Court only reviews decisions of the state court of last resort, if a federal *habeas* petitioner fails to seek review in the highest state court, he is not entitled to the expiration of the 90 days allotted for filing a petition for writ of *certiorari* with the United States Supreme Court before his conviction becomes "final" for purposes of federal *habeas* review. *See Riddle v. Kemna*, 2008 WL 927618, *1, *4 (8th Cir. April 8, 2008). In *Riddle*, the Eighth Circuit abrogated "the part of *Nichols* that includes the 90-day time period for filing for *certiorari* in all tolling calculations under the 28 U.S.C. § 2244(d)(1)(A)." *Id.* at *4 (emphasis added). The Eighth Circuit stated: "To recap, the district court properly began the statute of limitations in 28 U.S.C. § 2244(d) the day after the direct-appeal mandate issued, tolled it while the state post-conviction proceedings were pending, and did not allow the 90-day period for filing for certiorari." *Id.* at *4 (emphasis added). This means that when a Petitioner does not seek review by the highest state court, the conviction becomes final on the issuance of the mandate by the state intermediate court of appeals and the one-year limitations period of 28 U.S.C. § 2244 begins to run from that date.

In the present case, the Petitioner did not seek review by the highest state court. Instead he appealed his conviction to the Arkansas Court of Appeals, which affirmed his conviction on January 14, 2004. He then filed a petition for rehearing in the Arkansas Court of Appeals which was denied on May 19, 2004.[4] Accordingly, pursuant to *Riddle v. Kemna*, his conviction became final on May 19, 2004, and he did not receive the benefit of the 90 day period under SUP. CT. R. 13.1. Petitioner filed the pending Section 2254 Petition on September 29, 2007, more than one year after his conviction became final. Accordingly, the Petition is time-barred unless some tolling provision applies.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed his petition for state post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 on July 9, 2004. This petition was denied by the trial court and the denial was affirmed by the Arkansas Supreme Court on October 5, 2006. *See* (Docket # 7, ex. 7); *Parmley v. State*, 2006 WL 3239992, *1 (Ark. October 5, 2006). The mandate of the Arkansas Supreme Court was issued on October 24, 2006. *See* (Docket # 13, ex. 2) Petitioner is entitled to the benefit of the tolling provisions of 28 U.S.C. § 2244(d)(2) for the period of time this state post-conviction proceeding was pending. However, a total of 50 days elapsed between the state court of appeals affirming his

---

[4] The only action taken by the Arkansas Supreme Court in this matter was to deny Petitioner's Motion for Review. The motion was denied as untimely, and the Arkansas Supreme court held specifically that "[Petitioner] was clearly aware that the court of appeals had affirmed the judgment because he filed a timely motion in that court for leave to file a belated petition for rehearing in the case. [Petitioner] could have filed a similar motion in this court if there was some good cause for him to proceed *pro se* with such petition." *See Parmley v. State,* 2004 WL 1119923 *1 (Ark. May 20, 2004)

criminal conviction and the filing of the Rule 37.1 petition in state court on July 9, 2004.

Petitioner is entitled to the benefit of the tolling provision of §2244(d)(2) from July 9, 2004, through October 24, 2006, the date the Arkansas Supreme Court issued its mandate denying post-conviction relief.  Petitioner filed the instant petition on September 29, 2007, some 340 days after the Arkansas state court denied his petition for state court relief.  Because Petitioner had already allowed 50 days to elapse following his direct appeal and prior to seeking state post-conviction relief, a total of 390 days elapsed between the date his conviction became final and the filing of the instant Petition, not including the time period is state post-conviction proceeding was pending.  Therefore, pursuant to 28 U.S.C. § 2244(d)(1) the instant Petition is untimely, unless the time for filing was extended for equitable reasons.

**3. Equitable Tolling of the One-Year Limitation Period**:   While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue.  It is settled in the Eighth Circuit that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling.  *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).    However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001),   *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle,* 2008 WL 927618, at *6 (citations omitted).

Here Petitioner raises no "extraordinary" circumstances. In fact the record shows that at all times relevant to his state post-conviction proceeding Petitioner was in control of the circumstances. He was aware of the rulings of the state courts and in responded to those rulings. He does not assert that some circumstance beyond his control made it impossible to file the instant Petition before the expiration of the one-year limitation period. Accordingly, equitable tolling is inapplicable in this case.

**D. Conclusion**:

For the reasons stated above, the Petition for *Habeas Corpus* relief filed herein should be in all respects denied.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

**district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **DATED** this **24th day of April, 2008.**

                                              /s/ Barry A. Bryant  
                                            HON. BARRY A. BRYANT  
                                            U.S. MAGISTRATE JUDGE